UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

VERSUS

LAWRENCE RAGONA, ET AL.

CIVIL ACTION

NO. 09-958-JJB-SCR

## RULING ON MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss (doc. 15). Plaintiff filed an opposition (doc. 18). There is no need for oral argument. For the following reasons, the Court GRANTS Defendants' motion.

### Background

This suit arises from a long-running dispute over disability benefits between Plaintiff, Kelvin Wells, and Defendants, the Appeals Council of the Social Security Administration ("SSA") and two SSA employees, Lawrence Ragona and Dorothea Lundelius. Wells most recently claims the SSA and its employees conspired to violate his constitutional due process and equal protection rights by omitting and tampering with evidence of Wells' alleged disability. Since 2007, Wells has proceeded *in forma pauperis*.

Beginning in 2001, Wells has been denied three times in applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1382c(a)(3). Following the second denial, Wells filed

1

civil suit in the United States District Court for the Middle District of Louisiana. Magistrate Judge Riedlinger granted a motion by the agency to remand for further proceedings, with instructions to reevaluate Wells' mental impairment and issue a new decision. Wells then appealed to the Fifth Circuit, which affirmed the District Court's remand and denied Wells' claims that the SSA violated his constitutional due process and equal protection rights. *Wells v. Barnhart*, 127 F. App'x 717, 718 (5th Cir. 2005)

Upon remand, Wells' applications were denied in 2007 for the third time. In this hearing, Wells was represented by counsel. He again appealed the denial to the District Court.[1] Upon Wells' appeal to the District Court, the SSA filed a 903-page certified administrative record, as required under 42 U.S.C. § 405(g), and later discovered three missing pages which were, respectively, a blank page, a doctor's bill, and a page from a hearing transcript containing the vocational expert's testimony. The SSA prepared a Supplemental Certification containing the missing pages, but in June, the magistrate judge issued before the revised record was provided to Wells his recommendation to affirm the SSA's denial of Wells' application and deny his claims of violation of due process or equal protection. The magistrate judge had also reviewed new evidence submitted by Wells and declined to include it. The day after the magistrate judge's report, Wells filed an objection, citing the three missing pages. On Aug. 10, 2009, the District Court adopted the magistrate judge's recommendation.

---

[1] *Wells v. Astrue*, No. 07-889-C, 2009 U.S. Dist. WL 2447819 (M.D. La. Aug. 10, 2009)

2

Wells first appealed the magistrate's ruling to the Fifth Circuit[2], and then filed a motion for relief from the judgment. In March 2010, the District Court reviewed the three missing pages, concluded the documents did not warrant relief from the judgment, and denied Wells' motion. Wells' appeal of that District Court ruling is currently pending before the Fifth Circuit.

## Law and Argument

Defendants raise a multitude of defenses, including insufficient process, insufficient service of process, failure to state a claim upon which relief may be granted, and lack of subject matter jurisdiction.  All of the defenses appear to be meritorious, but the Court need not address each one because it finds the claims frivolous under 28 U.S.C. § 1915(e), which addresses *in forma pauperis* proceedings. The statute states that the court "shall dismiss the case at any time" if it finds the action is frivolous or malicious.  *Id.*  An action is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  Given the nature of *in forma pauperis* claims, courts have the unusual authority to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

In the instant case, Wells alleges violations of his constitutional due process and equal protection rights, yet these allegations have already been

---

[2] *Astrue*, 2009 WL 2447819, *appeal docketed*, No. 09-30727 (5th Cir.)

denied or are unsupported by the record.  Wells argues that Defendants kept medical records and reports from judges in his first District Court suit.  The Fifth Circuit, however, already held that the inconsistencies alleged by Wells are for the Commissioner of Social Security—and not the courts—to resolve.  *Barnhart*, 127 F. App'x at 718.  Wells' application was subsequently remanded, reviewed, and denied by the SSA.

Wells then alleges the Defendants ignored and tampered with medical records in his second action before the court.  The District Court, however, held there was no proof Wells was denied any process at any point—a finding further supported by the procedural history leading to this case—or treated differently or less favorably than other similarly situated claimants.  *See Astrue*, 2009 WL 2447819, at *6.  Additionally, Wells claims the Defendants committed intentional acts of bad faith. Yet the record shows, for example, that when three pages from a 903-page report were missing, the SSA provided Wells with a corrected version of the report, and the District Court subsequently examined the missing pages before ruling that the omissions did not warrant relief from the judgment.  Therefore, Wells' claims are frivolous because they have no basis in either law or fact.

## Conclusion

Because Wells' claims are frivolous, the motion to dismiss (doc. 15) is hereby **GRANTED**.

Signed in Baton Rouge, Louisiana, on June 11, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**